# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER F. DURONIO,           )
                            )
        Plaintiff,          )
                            )
        v.                  )   Civil Action No. 07-169J
                            )   JUDGE GIBSON
B.O.P. DIRECTOR ALBERTO     )   MAGISTRATE JUDGE CAIAZZA
GONZALES, *et al.*,         )
                            )
        Defendants.         )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment or in the alternative to Dismiss (Doc. 17) filed by the Defendants be granted, and that the Plaintiff's Motion to Stay (Doc. 21) be denied.

### II. REPORT

The Plaintiff, Roger F. Duronio ("Duronio" or "the Plaintiff"), is a federal prisoner who has filed a *pro se* Bivens action.[1] Duronio is serving a ninety seven month federal sentence for Securities Fraud and Computer Fraud. The sentencing court, the United States District Court for the District of New Jersey, also imposed a $200 special assessment, due immediately, and ordered restitution in the amount of $3,162,376 likewise due immediately. The Bureau of Prisons, pursuant to the Inmate

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Financial Responsibility Program (IFRP), prepared, and the Plaintiff signed, an agreement by which he is paying 50% of his prison earnings towards restitution each month. The Plaintiff filed this suit alleging that the IFRP is unconstitutional and that the sentencing court did not direct that he pay his restitution while incarcerated. The Defendants have moved for summary judgment or, in the alternative, to dismiss. One of the arguments raised by the Defendants is that the Plaintiff has failed to exhaust the available administrative remedies. The Plaintiff has responded to the Motion, and has himself moved to stay this matter to permit him to exhaust the available administrative remedies. Both Motions are now ripe for disposition.

**A.   The Legal Standards.**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); *i.e.,* "'a complaint should not be dismissed for failure to state

2

a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Duronio's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)(emphasis provided).

**B.   The Analysis.**

Duronio's claims fail under either standard. First, the IFRP is unquestionably constitutional. James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); accord, Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990); McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1998); Montano-Figueroa v.Crabtree, 162 F.3d 548, 549 (9th Cir. 1998); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (D.C. Cir. 1992). Second, the sentencing court in this case did, in fact, direct that Duronio repay the restitution "immediately." This is not an impermissible delegation of the sentencing court's authority. In fact, a similar argument was previously made with respect to the ability of a court to delegate its sentencing

3

authority in the manner directed by the Bureau of Prisons here and has been rejected:

> The sentencing court did not delegate the scheduling of Jackson's restitution payments to the BOP. Rather, it simply exercised its authority to direct that "monetary penalties," including the restitution payment of $12,320, be paid "in full immediately." See 18 U.S.C. § 3572(d)(1). **Ordering immediate payment is not an impermissible delegation because "such directives generally are interpreted to require not immediate payment in full but payment to the extent that the defendant can make it in good faith, beginning immediately."** See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir.1998) (finding no conflict between a restitution order directing immediate payment and the BOP initiating an IFRP payment plan).

U.S. v. Jackson-El, 179 Fed.Appx. 147, 148 (3d. Cir. 2006) (emphasis added). This case is, in all relevant respects, identical to Jackson-El. Consequently, the Bureau of Prisons has the authority to initiate the IFRP payment plan now questioned by Duronio. His Bivens claim lacks merit.

Since the underlying claims raised lack merit, there is no reason to stay this case pending exhaustion of administrative remedies. That said, the Court makes no ruling on the issue of exhaustion. Thus, the Plaintiff's motion seeking a stay should be denied.

### III. CONCLUSION

On the basis of this Report, it is respectfully recommended that the Motion for Summary Judgment or in the alternative to Dismiss (Doc. 17) filed by the Defendants be granted, and that the Plaintiff's Motion to Stay (Doc. 21) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 3, 2008.

s/ Francis X. Caiazza  
Francis X. Caiazza  
United States Magistrate Judge

February 15, 2008

cc:  
ROGER F. DURONIO  
25223-050  
FCI Loretto  
P.O. Box 1000  
Loretto, PA 15940